# INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.

## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated--this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1.  Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.  Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

# CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives the witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction in a witness's testimony is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## TESTIMONY TO BE CONSIDERED WITH CAUTION

You have heard the testimony of Frank Graham Farrier, Jr. He is providing evidence for the government in exchange for promises from the government that the prosecutor will recommend lenient treatment in his case. He told the government what he would testify to in exchange for the government's promises.

The government may present the testimony of witnesses who have been promised favorable treatment in their own cases in exchange for their testimony. Some people in this position are entirely truthful when testifying. Still, you should consider such testimony with more caution than the testimony of other witnesses. They may have had reason to make up stories or exaggerate what others did because they wanted to strike a good bargain with the government about their own cases. In deciding whether to believe the testimony of Frank Graham Farrier, Jr. you should keep these comments in mind.

## WITNESS PLEA

You have heard evidence that a witness, Frank Graham Farrier, Jr., has pleaded guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of any other defendant's guilt. You may consider that witness's guilty plea only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

## INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in Court. If the earlier statements were made somewhere other than in Court during trial, they are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

I am going to send the indictment back to the jury room with you. Please remember that the indictment is not evidence. It is simply the government's charge against the defendant. It is not proof of guilt or anything else.

## ON OR ABOUT-KNOWINGLY

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used or will be used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## THE TERMS "AID AND ABET"

The indictment also uses the terms aid and abet. The guilt of an accused in a criminal case may be established without proof that he personally did every act constituting the offense alleged. The law recognizes that, ordinarily anything a person can do for himself may also be accomplished by them through direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

So, if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by him, or if the defendant aids and abets another person by willfully joining together with such person in the commission of a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though he had committed the acts or engaged in such conduct himself.

Notice, however, that before any defendant may be held criminally responsible for the acts of others it is necessary that the accused willfully associate himself in some way with the criminal venture, and willfully participate in it as he would in something that he wishes to bring about; that is to say, that he willfully seek by some act or omission of his to make the criminal venture succeed.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offenses as defined in these instructions was committed by some person or persons, and the defendant willfully participated in its commission.

# MAIL AND WIRE FRAUD-ELEMENTS

Counts 1 through 19 charge the defendant with mail fraud, and Counts 20 and 21 charge him with wire fraud.

In order for the government to sustain its burden of proof as to Counts 1-21, the government must prove the following five essential elements beyond a reasonable doubt:

**FIRST,** the defendant knowingly, either as a principal or as an aider or abettor, devised a scheme to defraud or to obtain money by false and fraudulent pretenses, representations and promises as alleged in the Indictment;

**SECOND,** the defendant did so with the intent to defraud;

**THIRD,** the false or fraudulent pretenses, representations or promises in the scheme to defraud related to a material fact;

**FOURTH,** it was reasonably foreseeable that the United States mail, an interstate carrier, or an interstate wire transmission would be used; and,

**FIFTH,** the United States mail, an interstate carrier, or an interstate wire transmission was used, on or about the date alleged, in furtherance of some essential step in the scheme.

If the government fails to prove each of these essential elements as to any count, you must find the defendant not guilty of that count.

14

## ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that the defendant, either as a principal or as an aider or abettor, knowingly devised a scheme to defraud or to obtain money by false and fraudulent pretenses, representations, and promises, as alleged in the Indictment. A statement or representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A statement or representation may also be "false" when it constitutes a half truth or effectively conceals a material fact intended to deceive, provided that statement or representation is made with intent to deceive.

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that the defendant acted with an "intent to defraud." To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat either for the purpose of causing some financial loss to another or for the purpose of bringing about some financial gain to one's self.

## ELEMENT THREE

To prove the third element, the government must prove beyond a reasonable doubt that the defendant's false or fraudulent pretenses, representations, or promises related to a material fact. A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction. A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a person or entity to whom or to which it is addressed. Further, a false or fraudulent pretense, representation, or promise can be material even if the decision-maker did not actually rely on the statement, or even if the decision-maker actually knew or should have known that the statement was false.

## ELEMENT FOUR

To prove the fourth element, the government must prove beyond a reasonable doubt that the defendant reasonably foresaw that the United States mail, an interstate carrier, or interstate wire transmission would be used in executing the alleged scheme to defraud. You may find that the use of the mail, interstate carrier, or interstate wire transmission could be reasonably foreseen if the defendant either mailed, delivered, or transmitted something or caused something to be mailed, delivered, or transmitted in an attempt to execute or carry out the scheme. To "cause" the mails, interstate carrier, or interstate wire transmission to be used is to do an act with knowledge that the use of the mails, interstate carrier, or interstate wire transmission will follow in the ordinary course of business.

Federal Express is an interstate carrier as that term is used in these instructions. An interstate wire transmission includes an interstate wire transfer of funds between banks.

## ELEMENT FIVE

To prove the fifth element, the government must prove beyond a reasonable doubt that the United States mail, the interstate carrier, or the interstate wire transmission alleged was in fact used on or about the date alleged in furtherance of some essential step in the alleged scheme.

## MONEY LAUNDERING CONSPIRACY

The crime of conspiracy as charged in Count 22 of the indictment has three essential elements which the government must prove beyond a reasonable doubt:

**FIRST,** that from on or about at least 1999, and continuing to on or about February 6, 2004, two or more persons must have reached an agreement or understanding to commit one or more of the following offenses against the United States:

    (a)    knowingly conduct or knowingly attempt to conduct a financial transaction with the proceeds of mail fraud with the intent to promote the carrying on of mail fraud;

    (b)    knowingly conduct or knowingly attempt to conduct a financial transaction with the proceeds of mail fraud, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, ownership or control of the proceeds of the mail fraud; and/or

    (c)    knowingly deposit, withdraw, transfer, or exchange, in or affecting interstate commerce, $10,000 or more, knowing that it was derived from criminal activity;

**SECOND,** the defendant must have voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

**THIRD,** at the time the defendant joined in the agreement or understanding, he must have known the purpose of the agreement or understanding;

If the government fails to prove each of these essential elements, you must find the defendant not guilty of this count.

To find the defendant guilty of money laundering conspiracy, you must all 12 unanimously agree on which object of the conspiracy has been proved,

whether that be the first, second, or third object, or all of the objects. The objects are listed in the first element as (a), (b), or (c). If you do not all agree that at least one of the objects of the conspiracy has been proved beyond a reasonable doubt, you cannot find the defendant guilty of money laundering conspiracy.

## CONSPIRACY: AGREEMENT EXPLAINED

To prove the first element of Count 22, the government must prove that the defendant reached an agreement or understanding with at least one other person. The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an "agreement or understanding." A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join in an "agreement or understanding," as required by this element, without knowing all the details of the "agreement or understanding," and without knowing who all the other members are. Further it is not necessary that a person agree to play any particular part in carrying out the "agreement or understanding." A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

In determining whether the alleged conspiracy existed you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of the alleged participants.

## PROCEEDS DEFINED

The term "proceeds" refers to the net profits of mail fraud.  In this regard, money that was used to pay the expenses associated with the mail fraud cannot be considered "proceeds" for the purposes of this count.

## INFERENCE OF INTENT OR KNOWLEDGE

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you to decide what facts to find from the evidence during this trial.

# MONEY LAUNDERING

Counts 23 through 26 charge a kind of money laundering offense occurring on or about the dates alleged.

In order for the government to sustain its burden of proof as to Counts 23 - 26, the government must prove the following four elements beyond a reasonable doubt:

**FIRST,** on or about the dates alleged, the defendant either as a principal or as an aider or abettor transferred funds to investors by check drawn on a financial institution, and this transfer had at least a de minimis effect on interstate commerce;

**SECOND,** the defendant conducted the transfer with funds that involved the proceeds of mail fraud;

**THIRD,** at the time defendant transferred funds, the defendant knew the funds represented the proceeds of some form of unlawful activity;

**FOURTH,** the defendant transferred funds knowing that the transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the mail fraud proceeds;

If the government fails to prove each of these essential elements as to any count, you must find the defendant not guilty of that count.

## ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that on or about the date alleged, defendant knowingly transferred funds by check, drawn on a financial institution, or aided or abetted in that transaction. For the purposes of this offense, the government and the defendant agree and stipulate that the National Bank of Blacksburg is a "financial institution." Also, for the purposes of this offense, the government and the defendant agree and stipulate that the transfer of funds to investors by check had at least a de minimis effect on interstate commerce.

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that the defendant conducted the transfer with funds that involved the proceeds of mail fraud, the offense that was previously defined in these instructions.

## ELEMENT THREE

To prove the third element, the government must prove beyond a reasonable doubt that at the time defendant transferred funds to investors, he knew the funds represented the proceeds of some form of criminal activity. As previously defined, the term "proceeds" refers to the net profits of mail fraud. In this regard, money that was used to pay the expenses associated with the mail fraud cannot be considered "proceeds" for the purposes of these counts.

## ELEMENT FOUR

To prove the fourth element, the government must prove beyond a reasonable doubt that the defendant transferred funds to investors knowing that the transfers were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of mail fraud. In other words, the government must show that the purpose–and not merely the effect–of making the transfer was to conceal or disguise the nature, location, source, ownership, or control of the mail fraud proceeds.

# MONEY LAUNDERING

Counts 27 through 34 charge another kind of money laundering offense occurring on or about the dates alleged.

In order for the government to sustain its burden of proof as to Counts 27-34, the government must prove the following five elements beyond a reasonable doubt.

**FIRST,** on or about the date alleged, the defendant knowingly either as a principal or as an aider or abettor, transferred funds to investors by check drawn on a financial institution;

**SECOND,** the transfer of funds by check involved funds with a value greater than $10,000 that were derived from mail fraud;

**THIRD,** the defendant knew that the transfer of funds by check involved proceeds of a criminal activity;

**FOURTH,** the transfer of funds by check took place in the United States;

**FIVE,** the transaction had at least a de minimis effect on interstate commerce.

If the government fails to prove each of these essential elements as to any count, you must find the defendant not guilty of that count.

## ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that on or about the date alleged, the defendant knowingly transferred funds by check, drawn on a financial institution, or aided or abetted in that transaction. For the purposes of this offense, the government and the defendant agree and stipulate that the National Bank of Blacksburg is a "financial institution."

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that the transfer of funds by check involved funds with a value greater than $10,000 that were derived from mail fraud. The government must prove that the funds were in fact derived from mail fraud, the offense that was previously defined in these instructions. However, the government need not prove that the defendant knew that the offense from which the funds were derived was mail fraud.

ELEMENT THREE

To prove element three the government must prove beyond a reasonable doubt that the defendant knew that the transfer of funds by check involved proceeds of a criminal activity. As previously defined, the term "proceeds" refers to the net profits of mail fraud. In this regard, money that was used to pay the expenses associated with the mail fraud cannot be considered "proceeds" for the purposes of these counts.

## ELEMENT FOUR

To prove the fourth element, the government must prove beyond a reasonable doubt that the transfer of funds by check occurred within the United States.

## ELEMENT FIVE

To prove the fifth element the government must prove beyond a reasonable doubt that the transfer of funds by check had at least a de minimis effect on interstate commerce. For the purposes of this offense, the government and the defendant agree and stipulate that the transfer of funds to investors by check had at least a de minimis effect on interstate commerce.

## SECURITIES FRAUD

Count 35 of the indictment charges the defendant with securities fraud. In order for the government to sustain its burden of proof, it must prove the following five elements beyond a reasonable doubt:

**FIRST,**    the defendant did any one or more of the following:

    i.    employed a device, scheme, or artifice to defraud, or

    ii.    made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or

    iii.    engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person;

**SECOND,**    that any false or misleading statement or omission made by the defendant was material;

**THIRD,**    that the defendant acted with intent to defraud or with reckless disregard for the truth or falsity of the statements made;

**FOURTH,**    that the defendant's conduct was in connection with the purchase or sale of a security; and

**FIFTH,**    that the defendant used or caused to be used means and instrumentalities of interstate commerce.

If the government fails to prove each of these essential elements beyond a reasonable doubt, you must find the defendant not guilty.

## ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that the defendant committed at least one of the three subsections listed in element one.

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that any false or misleading statement or omission made by the defendant was material. A fact is "material" if a reasonable investor would consider it significant or important in making an investment decision. The government need not prove that the misrepresented or omitted fact would have changed the decision to invest. To prove the misleading statement or omission is "material," the government need only prove that a reasonable investor would have considered the fact to be significant.

## ELEMENT THREE

To prove the third element, the government must prove beyond a reasonable doubt that the defendant acted with the intent to defraud or with reckless disregard for the truth or falsity of the statements made. In this context, to act with "intent to defraud" means that at the time the defendant made an untrue statement or omitted to disclose a material fact, the defendant either knew that the statement was false or knew that the omission would make other statements false and misleading.

## ELEMENT FOUR

To prove the fourth element, the government must prove beyond a reasonable doubt that the defendant's conduct was in connection with the purchase or sale of a security.  A note is a "security" if it is primarily offered for or marketed as an investment in the profits or income of a business or enterprise, or is reasonably so perceived by the investing public.

## ELEMENT FIVE

To prove the fifth element, the government must prove beyond a reasonable doubt that the defendant used, or caused to be used, means and instrumentalities of interstate commerce. The "means and instrumentalities of interstate commerce" include the mails, telephone, telegraph, the interstate highway system, and similar methods of communication and travel from one state to another within the United States.

It is not necessary that any material misrepresentation or omission occur while defendants used the means and instrumentalities of interstate commerce. All that is required is that the means and instrumentalities of interstate commerce were in fact used during some phase of the purchase or sale of the securities. Means and instrumentalities of interstate commerce need not have been used to convey the material misrepresentation or omission.

## UNREGISTERED COMMODITY POOL OPERATOR

Count 36 alleges the crime of using the mails as a unregistered commodity pool operator.

To sustain its burden of proof as to Count 36, the government must prove the following five elements beyond a reasonable doubt:

**FIRST,** that the defendant acted as a commodity pool operator;

**SECOND,** defendant was required to register as a commodity pool operator with the Commodity Futures Trading Commission;

**THIRD,** that the defendant was not so registered;

**FOURTH,** that the defendant has made use of the means or instrumentalities of interstate commerce in connection with his business as a commodity pool operator;

**FIFTH,** that the defendant did so knowingly and willfully.

If the government fails to prove each of these elements, you must find the defendant not guilty of Count 36.

In order for the government to sustain its burden of proof as to Count 36, you must find beyond a reasonable doubt that the defendant acted as a commodity pool operator, as defined in these instructions, after July 27, 2002.

## ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that the defendant acted as a commodity pool operator.

A commodity pool operator is a person who, in connection with an investment trust or similar enterprise, solicits, accepts, or receives funds, securities, or property for the purpose of trading in commodity futures contracts.

A commodity pool is created when funds contributed by multiple persons are combined for the purpose of trading futures contracts or commodity options, or for the purpose of investing in another commodity pool.

Commodity futures contracts are contracts for future delivery of a commodity.

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that the defendant was required to register as a commodity pool operator.

A commodity pool operator must register unless he has received an exemption from the Commodity Futures Trading Commission.

## ELEMENT THREE

To prove the third element, the government must prove beyond a reasonable doubt that the defendant was not registered as a commodity pool operator. Commodity pool operators register by filing an application with the Commodity Futures Trading Commission.

## ELEMENT FOUR

To prove the fourth element, the government must prove that the defendant made use of the means or instrumentalities of interstate commerce in connection with his business as a commodity pool operator. The means and instrumentalities of interstate commerce include the mails, telephone, telegraph, the interstate highway system, and similar methods of communication and travel from one state to another within the United States.

## ELEMENT FIVE

To prove the fifth element, the government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully.  The word "knowingly" has been previously defined in these instructions.  The word "willfully" means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## EMBEZZLEMENT OF COMMODITY POOL FUNDS

Count 37 alleges the crime of embezzlement of commodity pool funds.

To sustain its burden of proof as to Count 37, the government must prove the following elements beyond a reasonable doubt:

**FIRST,** the defendant was registered or required to register as a commodity pool operator;

**SECOND,** the defendant knowingly acquired money, securities, or property by embezzlement, by stealing, or by conversion;

**THIRD,** the money, securities or property so acquired was worth more than $100;

**FOURTH,** the defendant received this money, securities, or property in relation to his business as a commodity pool operator.

If the government fails to prove each of these elements, you must find the defendant not guilty of Count 37.

In order for the government to sustain its burden of proof as to Count 37, you must find beyond a reasonable doubt that the defendant acted as a commodity pool operator, as defined in these instructions, after July 27, 2002.

## ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that the defendant was registered or required to register as a commodity pool operator. The term "commodity pool operator" is defined as above in Count 36.

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that the defendant knowingly acquired money, securities, or property by embezzlement, stealing, or conversion.

Embezzlement is the fraudulent appropriation of property by a person who has been lawfully entrusted with its possession. A person may be lawfully entrusted with possession of another's property by office or employment, or by holding a position of trust.

Stealing is the taking and carrying away of the personal property of another, without right, and without consent of the owner, and with intent to keep the property or make wrongful use of it.

Conversion is the unauthorized assumption of ownership over another's property with the intent to alter the condition of that property or to exclude the owner from exercising his rights over that property. Conversion has occurred when the unauthorized assumption of ownership does result in the intended alteration of the property's condition or the exclusion of the owner's rights.

The term "property" includes tangible and intangible property.

## ELEMENT THREE

In order to prove the third element, the government must prove beyond a reasonable doubt that the money, securities, or property that the defendant acquired was worth more than $100.

## ELEMENT FOUR

To prove the fourth element, the government must prove that the defendant received money, securities, or property in relation to his business as a commodity pool operator.

## FRAUD BY A COMMODITY POOL OPERATOR

Count 38 alleges the crime of fraud by a commodity pool operator.

In order to sustain its burden of proof as to Count 38, the government must prove the following three elements beyond a reasonable doubt:

**FIRST,** the defendant was a commodity pool operator or an associate thereof;

**SECOND,** that the defendant acted to defraud the pool's participants; and

**THIRD,** that the defendant carried out these activities by direct or indirect use of the means or instrumentalities of interstate commerce.

If the government fails to prove each of these elements, you must find the defendant not guilty of Count 38.

In order for the government to sustain its burden of proof as to Count 38, you must find beyond a reasonable doubt that the defendant acted as a commodity pool operator, as defined in these instructions, after July 27, 2002.

ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that the defendant was a commodity pool operator. The term "commodity pool operator" is defined as above in Count 36.

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that the defendant acted to defraud the pool's participants.

Acting to defraud means:

(1) employing a device, scheme, or artifice to defraud; or

(2) engaging in a transaction, practice, or course of business that operates as a fraud or deceit.

Under (1), a device, scheme or artifice is criminal only if the defendant acted with the intent to defraud, manipulate, or deceive, or with reckless disregard for the best interests of the pool's participants.

Under (2), a transaction, practice, or course of business is criminal only if it has the effect of a fraud upon the pool's participants.

## ELEMENT THREE

To prove the third element, the government must prove that the defendant carried out his activities by direct or indirect use of the means or instrumentalities of interstate commerce. The means and instrumentalities of interstate commerce include the mails, telephone, telegraph, the interstate highway system, and similar methods of communication and travel from one state to another within the United States.

## FALSE OATH IN BANKRUPTCY

Counts 39 and 40 charge the defendant with making a false oath in a bankruptcy proceeding on or about the dates alleged.

In order for the government to sustain its burden of proof as to Counts 39 and 40, the government must prove the following four elements beyond a reasonable doubt:

**FIRST,**   on or about the date alleged, a bankruptcy case was pending in the United States Bankruptcy Court for the Western District of Virginia;

**SECOND,**  the defendant made, or caused to be made, a false oath regarding a matter material to the bankruptcy proceeding;

**THIRD,**   the defendant knew the oath was false when it was made;

**FOURTH,**  the defendant did so with the intent to defraud.

If the government fails to prove each of these essential elements as to any count, you must find the defendant not guilty of that count.

## ELEMENT ONE

To prove the first element, the government must prove beyond a reasonable doubt that on or about the date alleged, a bankruptcy case was pending in the United States Bankruptcy Court for the Western District of Virginia.

## ELEMENT TWO

To prove the second element, the government must prove beyond a reasonable doubt that the defendant made, or caused to be made, a false oath regarding a matter material to the bankruptcy proceeding. Matters that are "material" to the bankruptcy proceeding include those matters pertinent to the nature and extent of the bankrupt's assets, and those matters pertinent to his financial transactions. Also, statements designed to secure adjudication by a particular bankruptcy court are also "material."

## ELEMENT THREE

To prove the third element, the government must prove beyond a reasonable doubt that the defendant knew the oath was false when it was made.

## ELEMENT FOUR

To prove the fourth element, the government must prove beyond a reasonable doubt that when the defendant made the false oath, he did so with the intent to defraud. To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another, or bringing about a financial gain to oneself or another, to the detriment of a third party.

# PRESUMPTION OF INNOCENCE

As I told you at the beginning of trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus, the defendant, even though charged, begins the trial with no evidence against him. So the presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged.

## ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict--whether guilty or not guilty--must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether

the government has proved its case beyond a reasonable doubt.

Fourth, keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count. The fact that you return a verdict of guilty or not guilty for one count should not, in any way, affect you verdict regarding any other count.

Fifth, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

Sixth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Finally, a verdict form is simply written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.