IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>V. )<br>  )<br>TED JAMES JOHNSON, JR., )<br>    Defendant. ) | Cr. No. 7:07CR00048 |

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT OF AQUITTAL**

**MONEY LAUNDERING COUNTS (22 THROUGH 34)**

The Court should grant judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure because under the Supreme Court decision, United States v. Santos, 128 S.Ct. 2020 (2008), the United States failed to prove beyond a reasonable doubt that the proceeds from the specified unlawful activity (mail and wire fraud) were "profits" rather than gross receipts.

In United States v. Santos, 128 S.Ct. 2020 (2008), the Supreme Court held that the money laundering statute's term "proceeds" was ambiguous, thus making the rule of lenity applicable, and "proceeds" referred to "profits" not "receipts".

The issues before this Court are whether Santos applies to money laundering where the specified unlawful activity is fraud and if so, whether the "proceeds" alleged in Counts 22-34 (the

1

money laundering counts of the indictment) are profits of the fraud or receipts of the fraud.

In <u>Santos</u> from the 1970's until 1994, Defendant Santos operated a lottery in Indiana that was illegal under state law. Santos employed helpers to run the lottery. At bars and restaurants, Santos's runners gathered bets from gamblers, kept a portion of the bets (between 15% and 25%) as their commissions and delivered the rest to Santos's collectors. Collectors then delivered the money to Santos, who used some of it to pay the salaries of the collectors and some to pay the winners. These payments to runners, collectors and winners formed the basis of an Indictment for conspiracy to commit money laundering, money laundering, and running an illegal gambling operation.

The plurality opinion held that the term "proceeds" in the money laundering statutes could mean either profits or receipts; accordingly, under the rule of lenity the Court must interpret the term to mean "profits". Furthermore, the Court noted that if the term meant "receipts" then there would be a "merger problem". Specifically, if proceeds meant receipts then nearly every violation of a illegal lottery statute would be a violation of the money-laundering statute, because paying a winning bettor is a transaction involving receipts that the

defendant intends to promote the carrying on of the lottery. Thus, the statute criminalizing illegal lotteries would merge with the money-laundering statute – thus increasing the statutory punishment for the same conduct. The Court went on to note that "any specified unlawful activity, an episode of which includes transactions which are not elements of the offense and in which a participant passes receipts on to someone else, would merge with money laundering." Id. at 2026. The plurality determined that this merger problem supported its holding that "proceeds" means "profits".

### *Santos's Profits Holding Applies to Mail and Wire Fraud*

The Santos decision applies to cases where the specified unlawful activity is mail and wire fraud. Although two United States District Courts have determined that because there is no majority opinion, the decision is limited by its facts to unlawful gambling operations, the majority of cases following Santos have held that Santos would apply in prosecutions such as the instant one. *Compare*, United States v. Yusuf, 536 F.3d 178 (3rd Cir. 2008)(applying Santos to mail fraud); United States v. Baker, 2008 WL 4056998 (E.D. Mich. 2008); United States v. Hedlund, 2008 WL 4183958 (N.D.Cal. Sept. 9, 2008)(holding that Santos applies to all specified unlawful activities); United

States v. Everett, 2008 WL 3843831 (D.Ariz. August 14, 2008)(applying Santos to bankruptcy fraud) *with* United States v. Orosco, ___ F.Supp. 2d ___, 2008 WL 4194878 (D.Colo. July 17, 2008) (Santos applies only to illegal gambling cases); United States v. Jalaram, Cr. No. 3:05-CR-6-4 (N.D. W.Va. July 24, 2008); United States v. Caparotta, ___ F.2d ___, 2008 WL 2982705 (D.Me. July 30 2008)(Santos profits analysis does not apply to raqueteering and drug cases)

Significantly, in United States v. Shelburne, 563 F.Supp. 2d 601 (W.D.Va. 2008), a Court in this District applied the Santos decision where the specified unlawful activity was fraud.

Therefore, a majority of the courts considering the issue, including one in this District, fall in favor of applying Santos to cases where the specified unlawful activity is fraud.

### *The United States has Not Proven that the Proceeds Alleged in the Indictment are Profits of the Mail and Wire Fraud*

The money laundering counts of the indictment allege, generally, that the Defendants fraudulently obtained 3.7 million dollars from investors and deposited those funds into four accounts in the names of Mountain Investments, Dogwood Farms, Ted Johnson, and Frank Farrier and that these funds were the proceeds of the specified unlawful activity, mail and wire fraud.

4

Thereafter, the Defendants attempted to conceal the nature of the proceeds after the Virginia State Corporation Commission initiated an investigation into Mountain Investments.  They did so by depositing funds into their personal accounts or the Dogwood Farms account and then writing checks to Mountain Investments and then writing checks from the account of Mountain Investment to investors.  The evidence presented at trial supports these allegations.

However, what the United States has failed to prove beyond a reasonable doubt is that the funds deposited into the various accounts and then paid to investors amounted to profits of the fraud.  Rather, it is clear that these receipts are very much like the receipts at issue in Santos.

Like in Santos -  where money was taken from bettors and used to pay the runners of the lottery and the winners of the lottery - in the instant case money was received from investors and then used to pay other investors.  The United States' evidence showed that the Defendants' scheme lost money year after year rather than raising any profits. Indeed, according to the Government's calculations for the money laundering period, Defendant Johnson and his family personally took less from the four banking accounts then they deposited.

5

Furthermore, this prosecution suffers from the same merger problem that is discussed in Santos. The fraud implicit in the alleged scheme was the fact that the Defendants were taking money from investors, telling the investors that they were going to invest those receipts, and then rather than investing the money, using it to pay other investors. Thus, each time the Defendants fraudulently received money from investors, they passed those receipts on to other investors. It is the passage of the receipts to other investors that is the Government's theory of money laundering. Since the alleged fraud would not exist without the payment of receipts to other investors, the fraud merges with the money laundering statute.

Thus, the Government's calculation of profit, receipts less expenses associated with Mountain Investments and interest paid to investors, excludes the funds paid to investors as repayment of principle. This repayment as well as the payment of interest cannot be included as profit, just as the payment of winnings to lottery players in Santos was not included as profit.

For these reasons, the Defendant submits that Counts 22-34 must be dismissed as the United States has failed to prove an essential element of money laundering – that the proceeds of the specified unlawful activity were profits.

***Counts 36 through 38 are Barred by the Statute of Limitations***

Under 18 U.S.C. Section 3282 the statute of limitations for offenses is five years unless there is another statute to the contrary. The Indictment in this case was returned on July 26, 2007. The Indictment alleges that the Defendant's operated a commodity pool until February, 2004, which is within the limitations period. However, the evidence presented by the United States shows that any such operation had ceased by July 26, 2002. Indeed, Counsel's recollection of the evidence is that no trades were conducted by the Defendants subsequent to 2001. Accordingly, judgment of acquittal should be entered as to counts 26-38 alleging operation of a commodity pool.

Respectfully submitted,

TED JAMES JOHNSON, JR.

By: s/Anthony F. Anderson
           Counsel

Anthony F. Anderson, Esquire, VSB #21345
Anderson & Friedman
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
  Counsel for Defendant

CERTIFICATE OF SERVICE

7

I hereby certify that this 27th day of April, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennie Jennie L.M. Waering, Assistant United States Attorney, P.O. Box 1079, Roanoke, Virginia 24008-1709, and David A. Bybee, Esquire, United States Department of Justice.

<pre>
                              s/Anthony F. Anderson
                              Anderson & Friedman
                              1102 Second Street, S. W.
                              P. O. Box 1525
                              Roanoke, Virginia   24007
                              (540) 982-1525
                              (540) 982-1539 (Fax)
                              AFALAW@aol.com
</pre>