```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF VIRGINIA
                    ROANOKE DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| V. ) | Cr. No. 7:07CR00048 |
| ) | |
| TED JAMES JOHNSON, JR., ) | |
|     Defendant. ) | |

**SENTENCING MEMORANDUM**

COMES NOW the Defendant, Ted James Johnson, Jr., by counsel, and files the following Sentencing Memorandum setting forth factors that the Court should consider in determining what type sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. Section 3553(a).

**I. Sentencing Under Rita and Gall**

On January 26, 2009, the United States Supreme Court, in reversing the Fourth Circuit Court of Appeals, reiterated in no uncertain terms that a sentencing court is not allowed under Supreme Court precedent to presume that a sentence within the applicable Guidelines range is reasonable. Nelson v. United States, 129 S.Ct. 890, 892 (2009). In so holding, it noted that "the Guidelines are not only *not madatory* on sentencing courts; they are also not to be *presumed* reasonable." Id.

1

Nelson is the latest in a string of cases decided after United States v. Booker, 526 U.S. 227 (1999), in which the Supreme Court held that the mandatory nature of the United States Sentencing Guidelines violated the Sixth Amendment of the United States Constitution, making them in effect advisory.

Following Booker, in Rita v. United States, 127 S.Ct. 2456 (2007), Kimbrough v. United States, 128 S.Ct. 559(2007), and Gall v. United States, 128 S.Ct. 586 (2007), the Supreme Court rejected the post-Booker devices used by the appellate Courts to maintain a de facto mandatory sentencing guidelines system and ruled that 18 U.S.C. Section 3553(a), rather than the United States Sentencing Guidelines, is the controlling sentencing law.

In Rita the Court said, "we repeat that the presumption before us is an *appellate* court presumption … [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Rita, 127 S.Ct. 2456.

Now, the "Guidelines are only one of the factors to consider when imposing sentence." Gall, 128 S.Ct. at 602. The Guidelines, "formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." Kimbrough, 128 S.Ct. at 564.

Moreover, "the Statute [Section 3553(a)], as modified by

2

Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing." Kimbrough, at 570.

Furthermore, the Supreme Court has held that the sentencing courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines. Spears v. United States, 129 S.Ct.840 (2009). While this case involved the crack-cocaine discrepancy, it provides the sentencing courts precedent to reject a Guidelines sentence based on a policy disagreement with the particular Guideline at issue.

In Gall, the Court instructed the sentencing courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall 128 S.Ct. at 596.

However, because the "Guidelines are not the only consideration", the judge, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate," "should then consider all of the Section 3553(a) factors to determine whether they support the appropriate sentence in light of the Section 3553(a) purposes and factors, and must consider arguments that the Guidelines should not apply on general policy grounds, case-specific grounds (including guideline-sanctioned

departures), or "regardless." Rita, 127 S.Ct. at 2463, 2465, 2467-68. In doing so, the judge "may not presume that the Guidelines range is reasonable." Gall, 128 S.Ct. at 596-97; see also Rita, 127 S.Ct. at 2465. The judge "must make an individualized assessment based on the facts presented," and "must adequately explain the chosen sentence to allow all meaningful appellate review and to promote the perception of fair sentencing." Gall, 128 S.Ct. at 597.

### II. The Sentencing Statutes

The primary directive and overriding principle expressed in 18 U.S.C. Section 3553(a) is that the court "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph 2." Those purposes are:

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

**(B) to afford adequate deterrence to criminal conduct;**

**(C) to protect the public from further crimes of the defendant; and,**

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

18 U.S.C. Section 3553(a)(2).

In determining the minimally sufficient sentence necessary,

Section 3553(a) further directs sentencing courts to consider the following factors:

**1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (Section 3553(a)(1));**

**2) "the kinds of sentences available" (Section 3553(a)(3));**

**3) the kinds of sentences available, the sentencing range under the Guidelines, and the policy statements issued by the Sentencing Commission (Section 3553(a)(4)and (5);**

**4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (Section 3553(a)(6)); and,**

**5) the need to provide restitution to any victims of the offense (Section 3553(a)(7)).**

Other statutes also give the district court direction in sentencing. For example, under 18 U.S.C. Section 3582, imposition of a term of imprisonment is subject to the limitation that in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize "that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Along these lines it is important to note that in Gall the Court disapproved of the Eighth Circuit's characterization of Gall's probationary sentence as a 100% downward variance in part because it gave no weight to the substantial restriction of liberty involved in even standard conditions of probation. Gall,

128 S.Ct. at 595-96 & n.4. Further, in some cases, like Gall, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account real conduct and circumstances involved in sentencing." Id. at 599 (quoting district court opinion).

### III. Factors to Be Considered in The Sentencing of Johnson

The Defendant submits that once the Court considers all of the factors contained in Section 3553(a), the Court will determine that a sentence in this case that is sufficient, but not greater then necessary, to comply with the principles of sentencing expressed in Section 3553(a) will be one that is far less than the recommended Guideline range contained in the pre-sentence report of 262 – 327 months (approximately 21 to 27 years).

Clearly, a sentence of far less than the applicable Guidelines' range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense and it would afford adequate deterrence to criminal conduct. See 18 U.S.C. Section 3553()(2)(A)and (B).

Next, a sentence in the Guidelines' range is not necessary to protect the public from further crimes of Mr. Johnson. See 18 U.S.C. Section 3553(a)(2)(C). Mr. Johnson has absolutely no

6

criminal history. More importantly, after his arrest in July, 2007, Mr. Johnson was released in a personal recognizance bond and he remained on bond through his trial in October 2008. After trial, he was detained in order to undergo a mental health evaluation. However, thereafter, he was released on a secured bond in January, 2009, with a condition of home electronic monitoring. Throughout the time that Johnson was free on bond, he committed no new criminal violations. Thus, his incarceration is not required to protect the public.

Finally, the Guidelines sentence would not provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. 3553(a)(2)(D).

Thus, the factors contained in 18 U.S.C. Section 3553(a)(2) do not support a period of incarceration of greater than twenty years as recommended by the Guidelines.

Similarly, the majority of other factors contained in 18 U.S.C. Section 3553(a) do not support the Guidelines sentencing range in this case. Incarceration would not promote the payment of restitution to the victims in the case. See 18 U.S.C. 3553(a)(7). Furthermore, the lengthy incarceration recommended by the Sentencing Guidelines actually would create unwarranted sentence disparities. See 18 U.S.C. 3553(a)(6).

Additionally, all sentences, including probation, are available to the Court. See 18 U.S.C. 3553(a)(3). In other words, there is no mandatory minimum sentence required.

Finally, the history and character of Mr. Johnson, particularly his age, family support, history of service to his Church, and his lack of criminal history, do not warrant a greater than twenty year sentence.

Accordingly, Mr. Johnson, by counsel, submits that the Guidelines range set forth in the pre-sentence report is far greater then necessary to promote the principles of sentencing expressed in Section 3553(a), and he requests the Court to fashion a sentence that will not in essence be a life sentence.

Respectfully submitted,
TED JAMES JOHNSON, JR.
By: s/Anthony F. Anderson
    Counsel

Anthony F. Anderson, Esquire, VSB #21345
Anderson & Friedman
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
  Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that this 27th day of April, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennie Jennie L.M. Waering, Assistant United States

Attorney, P.O. Box 1079, Roanoke, Virginia 24008-1709, and David A. Bybee, Esquire, United States Department of Justice.

<u>s/Anthony F. Anderson</u>
Anderson & Friedman
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia    24007
(540) 982-1525
(540) 982-1539 (Fax)
AFALAW@aol.com